**SIGNED.**

Dated: June 04, 2008



_____
**JAMES M. MARLAR
U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| THOMAS G. BACH, | ) | No. 4:08-bk-01023-JMM |
| Debtor. | ) | **MEMORANDUM DECISION** |

The chapter 7 Debtor in this case has filed two motions with the court. They are: (1) a motion to reinstate his dismissed case (Dkt. #37), and (2) a motion to convert his case to one under chapter 11, the reorganization chapter (Dkt. #33). The Debtor's scheduled unsecured debts totaled $130,651.27 (*see* Schedule F, Dkt. #16).

As for the Debtor's secured debt, the Debtor lists ownership of a commercial parcel of land in Carmel Valley, California, which he values at $2,100,000. The lien listed thereon is $1,888,396.31. (Schedule A, Dkt #16.) However, from prior proceedings before the court, this asset may have already been foreclosed.

## CONVERSION TO CHAPTER 11

Conversion to the reorganization chapter seems, on the surface, to be a futile exercise for several reasons. First, if there is no longer any unsecured debt to pay, by virtue of its collective discharge in chapter 7, and if the secured real property has been foreclosed, it does not appear that a reorganization is either feasible (on a practical level) or confirmable (on a legal level).

1    Second, if the Debtor is having difficulty in paying the $124.25 balance of the $299
2 chapter 7 filing fee, which fee the court originally authorized to be paid in instalments over a period
3 of four months, it appears highly unlikely that he could afford to pay the additional fee required for
4 conversion to chapter 11, which is $755.

5    Third, to the extent that the Debtor seeks to convert to chapter 11 in order to sue his
6 former secured lenders, he should be aware that being in chapter 11 is not a prerequisite to the
7 exercise of that legal remedy. It would appear that the Debtor's chapter 7 Trustee, Stanley
8 Kartchner, has no desire nor interest in attempting collection on this speculative asset. It is therefore
9 probable that the Trustee could end up abandoning the asset back to Mr. Bach. If that is the case,
10 the Debtor will again own the asset, and may bring any lawsuits he wishes within the appropriate
11 state or federal forum. However, the bankruptcy court is not such a forum for the exercise of that
12 remedy, especially in view of the chapter 11 confirmation problems noted above.

13    Thus, the court perceives no legal or practical necessity to grant the conversion
14 motion. The Debtor's request in that regard was denied under separate order on May 29, 2008 (Dkt.
15 #36). It will be ratified by another order today.

## MOTION TO REINSTATE

19    The Debtor seeks to reopen his dismissed chapter 7 case,, in order to protect his
20 bankruptcy discharge. This is a proper motion. The court will grant the motion. 11 U.S.C. § 350.
21    However, the balance of the filing fee must be paid. To this end, the Debtor may have
22 an extension up to and through July 15, 2008, within which to tender the balance of the chapter 7
23 filing fee to the Clerk. If he fails to do so, the Clerk is directed to again dismiss the case. A separate
24 order will issue.

26    DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Thomas G. Bach
1967 W. Calle Mecedora
Tucson, AZ 85745                                U.S. Mail

Stanley J. Kartchner, Trustee
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704                                Email trustee@kartchner.bz

Walter F. Wood
1955 W. Grant Rd., Ste. 125
Tucson, AZ 85745                                Email: walterfwood@aol.com

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706                          U.S. Mail


By /s/ M. B. Thompson
      Judicial Assistant